[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-2193

 AMEER A. KHAAFID,

 Plaintiff, Appellant,

 v.

 FLEET BANK OF MASSACHUSETTS,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Richard G. Stearns, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Stahl, Circuit Judge.

 Ameer A. Khaafid on brief pro se.

August 27, 1999

 Per Curiam. We have carefully reviewed the record in
this case. We affirm the dismissal for lack of federal
jurisdiction.
 A party invoking the diversity jurisdiction of a
federal court has the burden of demonstrating the required
jurisdictional amount. Hardemon v. City of Boston, 144 F.3d
24, 26 (1st Cir. 1998). While that burden is generally
satisfied by simply alleging the amount in the complaint, id.,
a complaint may be dismissed if the court finds that it
"appear[s] to a legal certainty that the claim is really for
less than the jurisdictional amount," Schlessinger v. Salimes,
100 F.3d 519, 521 (7th Cir. 1996) (quoting St. Paul Mercury
Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). When
challenged, the plaintiff "must show that the rules of law,
applied to the facts of his case, could produce such an award." 
Id. 
 Khaffid's complaint fails to meet this standard. His
alleged loss of income is simply too remote and speculative to
have been legally caused by Fleet's allegedly unfair and
deceptive practices. See PDM Mechanical Contractors, Inc. v.
Suffolk Const. Co. Inc., 35 Mass. App. Ct. 228, 237, 618 N.E.2d
72 (no recovery for a defendant's unfair trade practice, absent
a causal relationship between the alleged unfair acts and the
claimed loss), review denied, 416 Mass. 1107, 443 N.E.2d 1364
(1993). 
 Affirmed.